**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4588**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERT DUVAL GRAY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, Chief District Judge.  (4:12-cr-00034-BO-1)

Submitted:  March 27, 2019                                    Decided:  April 8, 2019

Before FLOYD and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Duval Gray appeals the 24-month, within-policy statement range sentence imposed after the district court revoked his supervised release. Gray's sole argument on appeal is that the district court committed reversible error when it based Gray's sentence on the seriousness of his violation conduct and the need to provide just punishment for that conduct. According to Gray, the district court failed to consider the Sentencing Guidelines policy statements and the proper statutory sentencing factors and, given the district court's mention of Gray's "criminal behavior" when it imposed the sentence, we must infer that the 24-month sentence was meant to sanction Gray's violation conduct, which Gray insists may not be considered in the supervised release revocation context. We affirm.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . [that] it has made before the district court, we review for abuse of discretion" and will reverse unless it concludes "that error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by arguing "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." *Id.* at 578. However, we review unpreserved non-structural sentencing errors for plain error. *Id.* at 576-77. Because Gray did not request a particular sentence during the revocation hearing, we review for plain error. *See United States v. Bennett*, 698 F.3d 194, 199-200 (4th Cir. 2012).

2

Under the plain error standard, we "will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). Under the first prong, "we must determine whether the district court erred, and in order to make that determination in the revocation context, this court asks whether the sentence is 'plainly unreasonable.'" *Bennett*, 698 F.3d at 200 (citing *United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006)).

Thus, the first step is to determine whether the sentence is unreasonable. *Crudup*, 461 F.3d at 438. Only if the sentence is procedurally or substantively unreasonable will the inquiry proceed to the second step, which is to determine whether the sentence is plainly unreasonable. *Id.* at 439. Notably, when reviewing a sentence imposed after revocation of supervised release, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted); *see United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017) ("A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release.").

Accordingly, a supervised release revocation sentence will be procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the applicable statutory sentencing factors, *see Crudup*, 461 F.3d at 440, and has adequately explained the chosen sentence. *See United*

*States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). In this regard, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal brackets and quotation marks omitted). Although the *Carter* rationale applies to revocation hearings, "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence[.]" *Thompson*, 595 F.3d at 547 (noting that a district court's reasoning may be "clear from context" and that the court's statements throughout the sentencing hearing may be considered).

A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. *Crudup*, 461 F.3d at 440. Ultimately, however, the district court has broad discretion to revoke supervised release and impose a sentence up to that maximum. *Moulden*, 478 F.3d at 657.

Applying these standards, we conclude that Gray's sentence is not plainly unreasonable. The district court listened to the parties' arguments, allowed Gray to allocute, and explained the selected sentence in terms of revocation-relevant statutory factors. We reject Gray's assertion that the only conclusion to be drawn from the district court's explanation for his 24-month sentence was that the district court was sanctioning Gray's violation conduct. Contrary to Gray's assertion, the district court mentioned Gray's "criminal behavior" very soon after the Government recapped Gray's criminal history. Moreover, at no time did the district court discuss the conduct underlying Gray's violations when it imposed the 24-month sentence.

4

Additionally, although the primary consideration in fashioning a supervised release sentence is punishment for the defendant's "'failure to follow the court-imposed conditions of supervised release as a 'breach of trust[,]'" *Crudup*, 461 F.3d at 437 (quoting U.S. Sentencing Guidelines Manual (USSG), ch. 7, pt. A, introductory cmt. 3(b)) (ellipses omitted), a district court has great flexibility in determining an appropriate sentence and should also take into account, "'to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013) (quoting USSG ch. 7, pt. A(3)(b)). Thus, contrary to Gray's argument that the district court was forbidden from considering the seriousness of Gray's violation conduct or "just punishment" when determining an appropriate sentence, 18 U.S.C. § 3583(e) (2012) explicitly allows the court to consider some 18 U.S.C. § 3553(a) (2012) factors. As we have expressly held, "although a district court may not impose a revocation sentence based predominately on the seriousness of the releasee's violation or the need for the sentence to promote respect for the law and provide just punishment, . . . [the] mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Webb*, 738 F.3d at 642.

Finally, assuming arguendo that Gray could demonstrate the district court committed error that was plain, he has not established that any error affected his substantial rights by influencing the outcome of the revocation hearing. Specifically, Gray does has not argue that he would have received a lower sentence had the district court not committed the error about which he complains and, thus, he has failed to satisfy

5

the third prong of plain error review.  *See United States v. Knight*, 606 F.3d 171, 178 (4th Cir. 2010) (explaining that to satisfy the third element of plain error review "in the sentencing context, the defendant must show that he would have received a lower sentence had the error not occurred").

Based on the foregoing, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*